UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                    2:03-cr-56-FtM-29DNF

JEFFERY ALAN READON
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Unopposed Motion to Set Case Down for Re-Sentencing (Doc. #172), filed September 6, 2005. The Eleventh Circuit Court of Appeals remanded the case for the limited purpose of re-sentencing consistent with Booker v. United States, 125 S. Ct. 738 (2005). The Judgment in a Criminal Case (Doc. #140) has been vacated pursuant to the July 25, 2005, mandate from the Eleventh Circuit.

While the motion to set a re-sentencing date is obviously due to be granted, the motion indicates certain areas counsel intends to pursue at re-sentencing which are clearly beyond the scope of the remand and will not be allowed.

As a general rule, where the Eleventh Circuit vacates a sentence and remands for re-sentencing, the original sentence becomes void in its entirety and the district court may revisit any rulings it made at the initial sentencing. United States v. Eldick, 393 F.3d 1354 (11th Cir. 2004)(citing United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996)), cert. denied, 519 U.S. 1137 (1997). "If the appellate court issues a limited mandate,

however, the trial court is restricted in the range of issues it may consider on remand." United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003), cert. denied, 540 U.S. 925 (2003)(citing United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996)). "A vacation of judgment for consideration in light of a particular decision is 'much more limited in nature' than a general vacation by an appellate court, and its effect is 'not to nullify all prior proceedings.'" Davis, 329 F.3d at 1252(citing United States v. M.C.C. of Florida, Inc., 967 F.2d 1559, 1562 (11th Cir. 1992)). "Because, for judicial economy purposes it is better for the district court not to redo that which was done properly at the first sentence, this Court has held that there is 'nothing improper' in the district court limiting the scope of the resentencing proceeding." United States v. DeSoto, 129 Fed. Appx. 498, 503 (11th Cir. 2005)(citing Tamayo, 80 F.3d at 1520).

The motion suggests that defendant intends at re-sentencing to pursue the issue of whether there was sufficient evidence of his participation in each distribution of crack cocaine alleged by the government and whether the Court was required to impose an obstruction of justice enhancement as the result of defendant's testimony at trial. Neither of these issues is within the scope of the remand. Defendant's convictions have been affirmed, and the Eleventh Circuit has held that the Court correctly calculated the Sentencing Guidelines. Thus, the Eleventh Circuit directed that "on remand the district court is required to sentence Readon and

Grant according to <u>Booker</u>, considering the Guidelines advisory range of 151-188 months imprisonment and 'other statutory concerns as well, see [18 U.S.C.] Section 3553(a)(Supp. 2004).' <u>Booker</u>, 125 S.Ct. at 757." Therefore the Court may not re-consider these issues.

The motion also suggests that counsel will present evidence challenging the increased penalties for crack cocaine, as opposed to powder cocaine, as discriminatory and unreasonable. The constitutionality of the statute and Sentencing Guidelines which increase the statutory penalties for crack cocaine is beyond the scope of the remand order and will not be considered at re-sentencing. In any event, it is well settled that such increased penalties for crack cocaine are not unconstitutional or discriminatory. <u>United States v. King</u>, 972 F.2d 1259 (11th Cir. 1992); <u>United States v. Byse</u>, 28 F.3d 1165, 1170-71 (11th Cir. 1994), <u>cert. denied</u>, 513 U.S. 1097 (1995); <u>United States v. Terry</u>, 60 F.3d 1541, 1544-45 (11th Cir. 1995), <u>cert. denied</u>, 516 U.S. 1060 (1996); <u>United States v. Hanna</u>, 153 F.3d 1286 (11th Cir. 1998); <u>United States v. Matthews</u>, 168 F.3d 1234, 1250-51 (11th Cir.), <u>cert. denied</u>, 528 U.S. 981, 989 (1999). After <u>Booker</u>, the Eleventh Circuit has held that an argument that a sentence is unreasonable based upon the Sentencing Guidelines' disparate treatment of powder and crack cocaine is "foreclosed" and "without merit," <u>United States v. Daniels</u>, 2005 WL 2114158 (11th Cir. Sept. 2, 2005), and that a district court "cannot be considered unreasonable for

imposing the sentence that Congress intended for the crime of conviction" despite the disparity in punishment for powder and crack cocaine. United States v. Marlin, 2005 WL 2090645 (11th Cir. Aug. 31, 2005).

Finally, counsel anticipates presenting testimony as to defendant's character and rehabilitation. It is clear that for Sentencing Guidelines purposes there may be no downward departure based upon post-sentence rehabilitation, even if exceptional, when re-sentencing for an offense, U.S.S.G. Section 5K2.19, and such a departure is "automatically invalid." United States v. Simmons, 368 F.3d 1335, 1338 (11th Cir. 2004). The Court is not aware of any binding precedent, however, which precludes consideration of post-sentence rehabilitation under the statutory factors after Booker, and will therefore allow such testimony. Evidence of defendant's character is likewise a relevant statutory factor and will be allowed.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's Unopposed Motion to Set Case Down for Re-Sentencing (Doc. #172) is **GRANTED** to the extent provided herein.

2. The Clerk shall add retained counsel, Jon May, Esq., to the docket as counsel of record for purposes of re-sentencing.

3. The United States Marshal's Office shall facilitate and effectuate the transportation of the defendant for re-sentencing

who is currently incarcerated in Coleman, Florida.  Defendant shall be available in Fort Myers **on or before October 3, 2005.**

3.   The United States Probation Office shall re-distribute copies of the Presentence Investigation Report to Mr. May, the Office of the United States Attorney, and defendant **on or before October 7, 2005.**

4.   The parties shall appear for re-sentencing before the undersigned on **Monday, October 24, 2005, at 2:30 P.M.**, Courtroom A, Sixth Floor, Fort Myers, Florida.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of September, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
United States Magistrate Judge

United States Attorney
Jon May, Esq.
Defendant
United States Probation

United States Marshal
DCCD