```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                         Case No. 2:03-cr-56-FTM-29DNF

JEFFREY ALAN READON
_____

## OPINION AND ORDER

This matter is before the Court on defendant Jeffrey Alan Readon's *pro se* Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. #194) and supporting Memorandum (Doc. #195), both filed on March 10, 2008.  Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances.  Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  The relevant United States Sentencing

Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10.  A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range.  U.S.S.G. § 1B1.10(a)(2)(B).  In this case defendant Readon is not eligible for a sentence reduction because the application of Amendment 706 does not have the effect of lowering his applicable guideline range.

---

[1] <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

At the original sentence, because both cocaine base and cocaine were involved in the offense of conviction, the drugs were converted to their marijuana equivalent, added together, and the combined offense level was determined based on the Drug Quantity Tables. There were 84 grams of cocaine base, which had a marijuana equivalent of 1,680 kilograms (20 kilograms of marijuana per gram of cocaine base); there were 989 grams of cocaine, which had a marijuana equivalent of 197 kilograms (200 grams of marijuana per gram of cocaine); the total marijuana equivalent was therefore 1,877 kilograms. Under U.S.S.G. § 2D1.1(c)(4), this resulted in the Base Offense Level of 32. Because of a two level upward adjustment for obstruction of justice, the Total Offense Level was 34.

Applying Amendment 706, the Court determines that defendant's Base Offense Level remains at 32 and the Total Offense Level remains at 34. Because both cocaine base and other controlled substances were involved in the offense of conviction, the Court follows the following five steps outlined in U.S.S.G. § 2D1.1 Application Note 10(D)(i): (1) Determine the base offense level for the quantity of cocaine base involved in the offense, U.S.S.G. § 2D1.1 Application Note 10(D)(i)(I); (2) determine the marijuana equivalency for the cocaine base by reference to the table in U.S.S.G. § 2D1.1 Application Note 10(D)(i)(II); (3) covert the quantity of cocaine base involved in the offense to its equivalent quantity of marijuana, U.S.S.G. § 2D1.1 Application Note

10(D)(i)(II); (4) determine the combined marijuana equivalency for the other controlled substance(s) involved in the offense, U.S.S.G. § 2D1.1 Application Note 10(D)(i)(III); and (5) add the quantity of marijuana determined for all controlled substances and look up the total in the Drug Quantity Table to obtain the combined base offense level for all the controlled substances involved in the offense.  U.S.S.G. § 2D1.1 Application Note 10(D)(i)(IV)

There were 84 grams of cocaine base involved in this offense, which now has a Base Offense Level of 30.  The marijuana equivalency for cocaine base at a Base Offense Level of 30 is 14 kilograms of marijuana per gram of cocaine base. U.S.S.G. § 2D1.1, Application Note 10(D)(i)(II).  This results in a marijuana equivalent of 1,176 kilograms for the 84 grams of cocaine base. The marijuana equivalency for cocaine is 200 grams of marijuana per gram of cocaine.  U.S.S.G. § 2D1.1, Application Note 10(E).  There were 989 grams of cocaine, which results in a marijuana equivalent of 197 kilograms.  Adding the marijuana equivalents for the cocaine base and the cocaine in this case results in a total marijuana equivalent of 1,373 kilograms.  Under U.S.S.G. § 2D1.1(c)(4), at least 1,000 kilograms of marijuana but less than 3,000 kilograms of marijuana results in the Base Offense Level of 32.  Since the Base Offense Level is not affected by the application of the amendment, a reduction cannot be made pursuant to Amendment 706.

Defendant also asserts that the Court should reduce the sentence pursuant to United States v. Booker, 543 U.S. 220 (2005)

and Kimbrough v. United States, 128 S. Ct. 558 (2007).  The Court declines to do so.  Proceedings under § 3582(c) and § 1B1.10 "do not constitute a full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3), or a *de novo* resentencing.  United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005), cert. denied, 547 U.S. 1050 (2006); United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000); United States v. Cothran, 106 F.3d at 1562.  The Court does not re-examine the other sentencing determinations made at the original sentencing.  Cothran, 106 F.3d at 1562-63; Bravo, 203 F.3d at 781. Additionally, the Eleventh Circuit has already stated that "Booker is inapplicable to § 3582(c)(2) motions."  Moreno, 421 F.3d at 1220.

Because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991).  The Court must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure.  United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). The Court finds no other basis for jurisdiction to modify or reduce the sentence.

Accordingly, it is now

5

**ORDERED AND ADJUDGED:**

Defendant Jeffrey Alan Readon's *pro se* Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. #194) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   24th   day of March, 2008.

JOHN E. STEELE
United States District Judge

Copies:
AUSA Casas
Jeffrey Alan Readon
U.S. Probation
U.S. Marshal

6