UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                            Case No. 2:03-cr-56-FTM-29DNF

JEFFREY ALAN READON

_____

**OPINION AND ORDER**

This matter is before the Court on defendant's *pro se* Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. #200) filed on May 12, 2008.  Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels.

The Court notes that the Sentencing Commission has amended commentary to § 2D1.1 and the policy statement § 1B1.10 as it relates to the Drug Quantity Table.  This amendment did not take effect until May 1, 2008, and the Court was without jurisdiction until that time.  United States v. Tensley, No. 07-15649, 2008 WL 713674 (11th Cir. Mar. 18, 2008).  The Court now has jurisdiction to consider defendant's motion in light of the most recent amendment.

**I.**

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances.  Section

3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10.  A reduction of a

---

[1] <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). Defendant Readon satisfies all of these eligibility requirements and a reduction in the term of imprisonment would be consistent with the Sentencing Guidelines policy statement.

While defendant is eligible for a reduction in the term of imprisonment and such a reduction is not excluded by the Sentencing Guidelines policy statement, the court must make two distinct determinations before deciding whether and to what extent to reduce a defendant's term of imprisonment under § 3582(c)(2). First, the court must recalculate the sentence under the amended guidelines. The court is required to determine the amended guideline range that would have been applicable to defendant if the applicable retroactive amendment had been in effect at the time defendant was sentenced. U.S.S.G. § 1B1.10(b)(1). In making this determination, the court "shall substitute only" the retroactive amendment for the corresponding guideline provisions there were applied when defendant was sentenced, and "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). The Court uses that new base level to determine what ultimate sentence it would have imposed. United States v. Bravo, 203 F.3d 778, 780

(11th Cir. 2000); United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998), cert. denied, 525 U.S. 1113 (1999).

The second step is to decide whether, in its discretion, the court will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence. Bravo, 203 F.3d at 781. In making this decision, the court considers the factors listed in § 3553(a) to the extent consistent with the Sentencing Guidelines policy statement. Bravo, 203 F.3d at 781; Vautier, 144 F.3d at 760. The Court must also consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment, U.S.S.G. § 1B1.10 cmt. n.1(b)(ii), and may consider post-sentencing conduct of defendant occurring after the imposition of the original term of imprisonment, Application Note 1(b)(iii). While the two steps are required, the court is not required to reduce defendant's sentence because that determination is discretionary. Vautier, 144 F.3d at 760; United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997); United States v. Vazquez, 53 F.3d 1216, 122728 (11th Cir. 1995).

**II.**

Because both cocaine base and cocaine were attributed to defendant, the Court follows the following five steps outlined in U.S.S.G. § 2D1.1 cmt. n.10(D)(i): (1) Determine the base offense level for the quantity of cocaine base involved in the offense,

4

U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(I); (2) determine the marijuana equivalency for the cocaine base by reference to the table in U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(II); (3) covert the quantity of cocaine base involved in the offense to its equivalent quantity of marijuana, U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(II); (4) determine the combined marijuana equivalency for the other controlled substance(s) involved in the offense, U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(III); and (5) add the quantity of marijuana determined for all controlled substances and look up the total in the Drug Quantity Table to obtain the combined base offense level for all the controlled substances involved in the offense.  U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(IV).

At the original sentence, defendant was held accountable for 84.0 grams of cocaine base and 989.0 grams of cocaine.  Using the Drug Equivalency Tables effective May 1, 2008, this results in a marijuana equivalent of 1,680 kilograms for the 84.0 grams of cocaine base (20 kilograms of marijuana per gram of cocaine base); and a marijuana equivalent of 197.8 kilograms (200 grams of marijuana per gram of cocaine) for the 989.0 grams of cocaine.  The total marijuana equivalent was therefore 1,877.8 kilograms.  Under U.S.S.G. § 2D1.1, this resulted in a Total Offense Level of 32.  With defendant's Criminal History Category of I, this results in a new range of 121 to 151 months imprisonment.

The Probation Office reports that defendant has maintained a clear conduct record and has completed several courses and a 40

hour drug education course. Therefore, in the exercise of its discretion, the Court will apply the Amendment 706 reduction to defendant, and will impose a sentence at the low end of the newly calculated Sentencing Guidelines range.

Defendant also asserts that the Court should take this opportunity to further reduce the sentence pursuant to United States v. Booker, 543 U.S. 220 (2005) and Kimbrough v. United States, 128 S. Ct. 558 (2007). The Court declines to do so. Proceedings under § 3582(c) and § 1B1.10 "do not constitute a full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3), or a *de novo* resentencing. United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005), cert. denied, 547 U.S. 1050 (2006); United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000); United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997). The Court does not re-examine the other sentencing determinations made at the original sentencing. United States v. Cothran, 106 F.3d at 1562-63; Bravo, 203 F.3d at 781. Additionally, the Eleventh Circuit has already stated that "Booker is inapplicable to § 3582(c)(2) motions." Moreno, 421 F.3d at 1220; United States v. Alebord, 256 Fed. Appx. 255 (11th Cir. 2007).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant's *pro se* Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. #200) is **GRANTED** as set forth below.

6

2. The Clerk of the Court shall enter an Amended Judgment reducing the sentence imposed to 121 months imprisonment, and otherwise leaving all other components of the sentence as originally imposed.  This order is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(c) which provides that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."

**DONE AND ORDERED** at Fort Myers, Florida, this ___15th___ day of May, 2008.

JOHN E. STEELE
United States District Judge

Copies:
AUSA Casas
Jeffrey Alan Readon
U.S. Probation
U.S. Marshal